IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STARNET INSURANCE COMPANY,
a corporation,

    Plaintiff,

  v.

JORDAN HARRISON INSURANCE
BROKERS, INC., a corporation; and
JEFFREY DICKOW, an individual,

    Defendants.
    /

No. C 16-07108 WHA

**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

## INTRODUCTION

In this action for breach of fiduciary duty and conversion, plaintiff moves for default judgment against defendants of approximately $148,284.55, plus $700 in costs. Default judgment is **GRANTED**.

## STATEMENT

In exchange for commissions, plaintiff StarNet Insurance Company engaged defendant Jordan Harrison Insurance Brokers, Inc., to solicit customers, bind insurance policies for StarNet's insurance products, charge and collect premiums due under insurance policies, and account for and hold such premiums in trust prior to remitting the premium payments to StarNet. Defendant Jeffrey Dickow is Harrison Insurance's president.

Defendants received $148,284.55 in premiums that it held in trust for StarNet. StarNet attempted to collect these premiums from defendants prior to litigation. Dickow acknowledged the requests but failed to remit the premiums.

StarNet filed this action in December 2016 alleging breach of fiduciary duty against both defendants under Sections 1733 and 1734 of the California Insurance Code, breach of fiduciary duty against only Harrison Insurance pursuant to its engagement with StarNet, and conversion against both defendants.

StarNet served Dickow individually and on behalf of Harrison Insurance on December 29 (Dkt. No. 13, 14). When defendants failed to answer, the Clerk entered default on January 26, 2017. StarNet sought default judgment on March 2, 2017. Defendants did not appear at the case management conference in this action on March 16, 2017. StarNet gave defendants informal notice of the default judgment following the case management conference (Dkt. No. 24 at 6 n.1), and again, on April 24, preceding the April 27 default judgment hearing (Dkt. No. 29-1 at 2). Defendants have yet to appear. This order now **GRANTS** default judgment against defendants.

**ANALYSIS**

Rule 55(b)(2) permits a district court, at its discretion, to enter default judgment against a defendant. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When exercising its discretion to award default judgment, a district court may consider several factors including, (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

*First*, denial of default would prejudice StarNet in that it would be left without relief despite defendants' inaction. Moreover, defendants would be allowed to benefit from their disregard of the fiduciary duty they owe to StarNet.

The *second* and *third* factors evaluated are the merits of StarNet's substantive claims and the sufficiency of its complaint. StarNet's breach of fiduciary duty claim has merit and is sufficiently pled in StarNet's complaint. The elements to establish a breach of fiduciary duty are (1) the existence of a fiduciary relationship; (2) a breach of the duty owed; and (3) damages proximately caused by the breach. *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1534 (2006). All funds received by an insurance agent or broker as premiums are received and held by him in a fiduciary capacity to both the insured and the insurer. Cal. Ins. Code §§ 1733, 1734; *Walter J. Warren Insurance Agency v. Surpur Timber Co.*, 250 Cal. App. 2d 99, 104–05 (1967). Section 1734 requires the holder of fiduciary funds to "[r]emit premiums, less commissions, and return premiums received or held by him to the insurer or the person entitled thereto."

StarNet's complaint pled facts that defendants were fiduciaries to StarNet by virtue of their agent and broker relationship with StarNet (Compl. ¶¶ 14–24). StarNet pled facts that defendants breached the fiduciary obligations they owed StarNet (Compl. ¶¶ 25–34), and it provided declarations appending invoices, emails, and other business records evidencing the failure to pay and that StarNet was damaged by defendants' breach (Dkt. Nos. 21-6, 25-1).

StarNet also alleges a claim for relief for conversion. "A [claim for relief] for conversion requires allegations of plaintiff's ownership or right to possession of property; defendant's wrongful act toward or disposition of the property, interfering with plaintiff's possession; and damage to plaintiff. Money cannot be the subject of a [claim for relief] for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." *PCO v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007).

Here, based on the same pled facts, StarNet demonstrated that defendants accepted a specific, identifiable sum of money to be paid to another and failed to make the payment. In sum, StarNet has pled sufficient facts to support a breach of fiduciary duty claim and a conversion claim, both for damages in the amount of $148,284.55.

*Fourth*, the sum of money at stake is significant but, defendants are obligated under Section 1734 to remit premiums owed to StarNet. StarNet argues it is entitled to reasonable costs in the amount of $700. The sole authority StarNet relies on for its entitlement to costs is inapposite here, as the decision relied on the fee-shifting provision of the Lanham Act. Default judgment, therefore, will be in the amount of $148,284.55.

*Fifth*, there is little, if any, possibility of a dispute concerning material facts, given that no answer was ever filed in this action and no appearances were made.

*Sixth*, there is no evidence that excusable neglect led to the default; in fact, StarNet has provided adequate notice of this action.

*Finally*, while it is preferable to decide a case on its merits, reaching a decision here will be impracticable as no other party, despite service, has appeared to oppose this action.

**CONCLUSION**

Default Judgment is **GRANTED** in favor of StarNet and against defendants Jordan Harrison Insurance Brokers, Inc., and Jeffrey Dickow in the amount of $148,284.55.

**IT IS SO ORDERED.**

Dated: April 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE